LAUREL SPORTS ACTIVITIES, INC., PROSECUTOR, v. UNEMPLOYMENT COMPENSATION COMMISSION OF NEW JERSEY, RESPONDENT.

Submitted January 21, 1947—Decided February 18, 1947.

Before Justices BODINE, PERSKIE and WACHENFELD.

For the prosecutor, *Bozza & Bozza* (*Frank B. Bozza* and *Samuel D. Bozza*).

For the respondent, *Charles A. Malloy* and *Herman D. Ringle*.

The opinion of the court was delivered by

BODINE, J. The writ in this case was allowed to test the legality of a finding by the Unemployment Commission of the State of New Jersey that: the services performed by referees, timekeepers, announcers, boxers and wrestlers are employment as defined by the New Jersey Unemployment Compensation Law.

The prosecutor of the writ is a corporation of the State of New Jersey licensed since 1938 by the State Athletic Com-

missioner to engage in promoting public boxing and wrestling matches in this state. It conducts two exhibitions each week—on Monday, boxing, and on Friday, wrestling. In the winter the exhibitions are held at Laurel Garden and in the summertime in Meadowbrook Bowl. Both premises are situate in the City of Newark and are rented by the prosecutor.

Boxing and wrestling in this state are regulated by *R. S.* 5:2–1, *et seq.* The State Athletic Commissioner is appointed by the Governor and must be confirmed by the Senate and holds office for a term of five years and is paid a salary.

Under *R. S.* 5:2–4, the Commissioner may appoint and remove a chief inspector and such referees, inspectors and other officials as are necessary to effectively administer the act. Under 5:2–5, the Commissioner has the sole direction of boxing and wrestling and may and has made rules and regulations relating thereto. Other provisions of the statute relate to licensing, those who may hold boxing and wrestling and sparring exhibitions upon the posting of a bond and upon performing other acts specified in the act.

*R. S.* 5:2–11 provides as follows: "No boxing, wrestling or sparring exhibition or performance shall be held by any person unless such person shall have, at least two weeks before the holding of the same, notified the commissioner, in such form, with such detailed information and at such place as the commissioner may prescribe, of the proposed holding of the same, and shall, in addition to having a license as provided by section 5:2–8 of this title, have obtained from the commissioner at least ten days prior to the date of the proposed exhibition or performance, a permit in writing to hold the same."

Boxing and wrestling appear to be a most thoroughly regulated enterprise. The most the prosecutor does is to arrange for the exhibitions, furnish the facilities of the arena—even here all arrangements are fixed by rule—advertise the attraction and sell tickets for admission.

The New York booking agency has a certain control over the services of those who care to participate in an event.

From the gate receipts, there is deducted 20 per cent. for the federal tax and 10 per cent. for the state tax. There is

then deducted 45 per cent. and the balance is paid to the participants' agents. The referees are assigned by the State Commissioner and the promoter cannot make a selection, prescribe their duties, fix their responsibilities or salary. The referee, timekeeper and announcer are selected and licensed by the state and assigned by the Commissioner to their duties. The state rules relate to their conduct at an exhibition. The wrestlers and boxers are under the control of the State Athletic Commissioner and the manager and agent whom they select to represent them. Subject to the approval of the Commissioner, the prosecutor may say who may make an exhibit of boxing or wrestling at its arena.

The statute, rules and regulations make it perfectly clear that all the persons named are definitely not under the control of the prosecutor and in the very nature of things they should not be, if the exhibition is to be fair and clean. The promoter could not direct and control the duties and responsibilities of the wrestlers and boxers, if he desired; he has no choice in the selection of the referee. The duties and equipment of the licensed timekeeper are minutely regulated by the Commissioner. He assigns them with the referee and announcer to attend the particular exhibition which is to be given. All that the prosecutor does is to furnish the facilities for the performance to be given under the directions laid down by the Athletic Commissioner.

R. S. 43:21–19 (i) (1) is as follows: " 'Employment' means service, including service in interstate commerce performed for remuneration or under any contract of hire, written or oral, expressed or implied."

R. S. 43:21–19 (i) (6) provides: "Services performed by an individual for remuneration shall be deemed to be employment subject to this chapter unless and until it is shown to the satisfaction of the commission that (A) such individual has been and will continue to be *free* from control or direction over the performance of such services, both under his contract of service and in fact * * *."

It seems perfectly clear to us that the prosecutor has no direction or control over the services performed by the referees, timekeepers, announcers, boxers and wrestlers. Since they

are free from such control, the prosecutor is not obliged to pay the tax fixed by law.

Many other reasons are urged against the decision of the respondent but it seems to us, in the view we take of the case, unnecessary to consider them.

It is urged by the respondent that the prosecutor retained the freedom of choice in the selection of his personnel and the termination of their services. As we have seen, the freedom of choice in the selection and the termination of the service is more ephemeral than real.

In *Schomp* v. *Fuller Brush Co.*, 124 *N. J. L.* 487; *affirmed,* 126 *Id.* 368, the attempt was to defeat the act by a matter of nomenclature. The so-called dealer was selected and controlled by the employer. The dealers were in a very different category from the persons we are dealing with; and so also the musicians in *Steel Pier, &c.,* v. *Unemployment Compensation Commission,* 127 *Id.* 154; and the agents employed by the insurance companies in *Superior Life, &c., Co.* v. *Board of Review,* 127 *Id.* 537.

Suffice it to say, that in the case of boxing and wrestling the state has assumed control over the immediate participants and directs who shall be employed and when they shall be employed and how they shall act in their various employments. The details of employment and control over the referees, timekeepers, announcers, boxers and wrestlers are so completely exercised by the state that the promoter has no control or direction whatever, save as noted. And, of course, the purpose of the legislation is perfectly clear. It was intended to secure and did secure free and fair exhibitions uncontrolled in any way by the promoter.

The action under review will be set aside but without costs, since the respondent is an agency of the state.